## BECKER PLUMBING SUPPLY CO v RIALTO IMPROVEMENT CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10598. Decided May 19, 1930

Kohrman & Kohrman, Cleveland, for Plumbing Co.

J. B. Oviatt, Cleveland, for Improvement Co.

**SULLIVAN, J.**

There was no contract between Reimer and The Rialto Improvement Co., and an allegation of this nature we think would be necessary under **8310 GC.** The defendant, McNeff, filed a general denial.

From an examination of the record we find that the McNeffs purchased the property and were the owners thereof at the time it was sought to place a lien upon the premises and there is no evidence that any notice as required by law of the filing of the lien or the indebtedness upon which it was based, was served upon the owners, the McNeffs, or their agents, and it is clear from the record that these owners were living on the premises and certain parties were under their employ who might have been served, in order to perfect the lien, as agents of the owners, but the record is silent as to an observance of the statute in this regard.

The McNeffs were innocent purchasers of the property in question. It appears that they exercised due care in the purchase of the property and no blame can attach to them because of the lack of necesary service.

**Sec. 8315** provides for the necessity of serving a copy of the affidavit filed with the recorder within thirty days, upon the owner or his agents or lessees and there is no proof of conformity to this section, and there is also no evidence forming the basis for a justifiable excuse under the authorities which require that there must be a liberal interpretation of the law in favor of the party asserting the lien.

We think from a reading of the entire record that it is impossible to declare the lien valid and on the whole we think the record favors a decree for defendants, and the same decree may be entered herein as in the court below. O.S.J.

Vickery, PJ., and Levine, J., concur.